**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1250

OTMAN ORDONEZ-GARCIA,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD
OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,

Selya, and Siler,[**] Circuit Judges.

Martin D. Harris on brief for petitioner.
Gregory G. Katsas, Terri J. Scadron, and Manuel A. Palau,
United States Department of Justice, on brief for respondent.

February 26, 2009

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Eric H. Holder, Jr., has been substituted for former Attorney General Michael Mukasey as respondent.

[**] Of the Sixth Circuit, sitting by designation.

**SILER**, <u>Circuit Judge</u>.  Otman Ordonez-Garcia petitions for review of a denial by the Board of Immigration Appeals (BIA) of his motion to reopen his removal proceeding.  He argues that the BIA abused its discretion in denying his motion because circumstances in Guatemala, his native country, changed since his previous hearing.  For the following reasons, we deny the petition for review.

## I.

Ordonez-Garcia illegally entered the United States in 1991.  In 2004, the Department of Homeland Security issued a Notice to Appear charging that Ordonez-Garcia was subject to removal.

In 2005, Ordonez-Garcia appeared before the Immigration Judge (IJ) and presented evidence in support of his application for cancellation of removal.  He testified that his children, ages 10 and 13, both born in the United States, would suffer exceptional and extremely unusual hardship if they relocated to Guatemala because: (1) there were no special classes available in Guatemala to help one son with a learning disability (Attention Deficit Disorder); (2) his sons would have difficulty learning the Spanish language; and (3) his income would be substantially reduced in Guatemala.  The IJ denied cancellation of removal because Ordonez-Garcia failed to establish the requisite degree of hardship to his children.

Ordonez-Garcia appealed the IJ's decision to the BIA. On April 2, 2007, the BIA dismissed the appeal. It affirmed the hardship determination made by the IJ and granted voluntary departure until June 1, 2007. Ordonez-Garcia did not seek review.

Ordonez-Garcia failed to depart the United States as directed. Instead, on September 25, 2007, he filed a motion to reopen his removal proceedings, claiming that conditions in Guatemala had worsened. He alleged that Guatemala was dangerous to natives, as well as to United States citizens taking up residence there. In support of his contention, he presented a 2006 Country Report on Human Rights Practices in Guatemala (2006 Country Report), which listed various problems that children faced in Guatemala, i.e., homelessness, child labor, child abuse, and child prostitution. He sought reopening to apply for further relief from removal, including asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture (CAT).

The BIA denied the motion because it was not filed within the 90-day deadline.

**II.**

Motions to reopen must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). However, a motion to reopen that is not filed within the time limit may be brought if it seeks reopening to apply for asylum, withholding of removal, or CAT protection and if an alien can establish "changed country

-3-

conditions arising in the country of nationality" but only "if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii).

There is no dispute between the parties that the motion was filed outside the 90-day time limit established under 8 U.S.C. § 1229a(c)(7)(C)(i) and 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA should have considered the untimely motion only if: (1) conditions in Guatemala had changed since his hearing in November 2005, and (2) evidence of such conditions was not available and could not have been presented at that time.

The evidence presented by Ordonez-Garcia does not support application of the exception. Although the 2006 Country Report was not available at the 2005 hearing, it does not support the contention that circumstances in Guatemala changed significantly since the hearing.

Furthermore, Ordonez-Garcia is ineligible for cancellation of removal as well as other types of relief because he failed to depart the United States by June 1, 2007, as required under the BIA's final order of removal. See 8 U.S.C. § 1229c(d).

**PETITION FOR REVIEW DENIED.**